UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIE JOHNSON | CIVIL ACTION |
| VERSUS | No. 08-4312 |
| METROPOLITAN LIFE INSURANCE COMPANY and MARK DENNIS JOHNSON | SECTION I/5 |

## ORDER AND REASONS

Before the Court is a motion to remand, filed on behalf of defendant, Mark Dennis Johnson ("Mark").[1] Defendant, Metropolitan Life Insurance Company ("MetLife") has opposed the motion.[2] Plaintiff, Julie Johnson ("Julie"), has adopted Mark's motion to remand.[3] For the following reasons, the motion to remand is **GRANTED**.

## *BACKGROUND*

In 1991, MetLife allegedly issued a life insurance policy to Darryl W. Johnson ("Darryl"), naming Julie, Darryl's wife, as beneficiary. On June 5, 2008, Darryl allegedly changed the beneficiary of the policy to his brother Mark.[4] On June 17, 2008, Darryl died.[5]

On July 25, 2008, Julie filed a petition for declaratory judgment in the 24th Judicial District Court for the Parish of Jefferson. She named as defendants MetLife and Mark. In her

---

[1] R. Doc. No. 22.

[2] R. Doc. No. 30, mem. opp'n.

[3] R. Doc. No. 26.

[4] R. Doc. No. 1-2, petition ¶2.

[5] R. Doc. No. 3, counterclaim for interpleader ¶¶XII.

1

petition, Julie alleged that the change of beneficiary occurred when Darryl "was so ill as to be incapable of understanding what he was doing or what he was signing."[6]

Pursuant to Louisiana Code of Civil Procedure, Julie sought a declaration that she was the beneficiary of Darryl's life insurance policy. She also sought to enjoin MetLife from disbursing any proceeds until a declaration was issued.[7]

On August 29, 2008, MetLife removed the case to this Court, arguing that complete diversity of citizenship existed between Julie and MetLife, the sole properly joined defendant. MetLife argued that Mark's consent to removal was not required because Julie had improperly joined him as a defendant.[8] In the notice of removal, MetLife urged this Court to realign Mark as a plaintiff, which would establish the requisite complete diversity for federal jurisdiction.[9]

It is undisputed that Mark and Julie are both citizens of Louisiana and that MetLife is a Delaware corporation with its principal place of business in New York.[10] If the Court declines to realign Mark as a plaintiff, complete diversity is lacking and remand is appropriate.

---

[6] Petition ¶3.

[7] Id. ¶4.

[8] R. Doc. No. 1, notice of removal ¶5. MetLife alleges that Julie's petition "does not state any facts . . . which give rise to a cause of action against [Mark]" and that Mark has, therefore, been improperly joined. Id. ¶11. However, as Mark notes in his brief, article 1880 of the Louisiana Code of Civil Procedure provides that, when declaratory relief is sought, "all persons . . . who have or claim any interest which would be affected by the declaration" shall be made parties. See Delchamps, Inc. v. Gisclair, 696 So. 2d 1062, 1064 (La. Ct. App. 1997) ("An affected, interested person must be cited in a declaratory judgment action when his existence and claim are evident."). Mark, as the designated beneficiary under the policy, clearly has an interest which would be affected by the declaratory relief sought by Julie. Not only was he not improperly joined, but state law required him to be joined as a defendant by Julie.

[9] Petition ¶13. The parties do not dispute that the requisite amount in controversy has been met in this case. Further, no party alleges that federal question jurisdiction exists in this case.

[10] Id. ¶¶8-10.

*LAW AND ANALYSIS*

I.  **STANDARD OF LAW**

A district court must remand a case to state court if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (2006); Preston v. Tenet Healthsys. Mem'l Med. Ctr., Inc., 485 F.3d 804, 813 n.3 (5th Cir. 2007). The burden of establishing that federal jurisdiction exists in a case "rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The removal statute is to be strictly construed. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007). Any "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000). In order to determine whether jurisdiction is present, a court must "consider the claims in the state court petition as they existed at the time of removal." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

II.  **REALIGNMENT OF THE PARTIES**

In determining whether diversity jurisdiction exists, "the court is not bound by the way plaintiff formally aligns the parties in his original pleading." Lowe v. Ingalls Shipbuilding, 723 F.2d 1173, 1177 (5th Cir. 1984) (quoting Wright, Miller & Cooper, Federal Practice and Procedure § 3607) (internal quotation marks omitted). The district court may look beyond the pleadings and arrange the parties according to their sides in the dispute.[11] See id.

---

[11] The Court notes that at least one district court in this circuit has held that realignment is improper where removal was based on improper joinder. In Prime Income Asset Mgmt. Co. v. Waters Edge Living LLC, 2007 WL 2229050 (N.D. Tex. Aug. 3, 2007), the district court ruled that to permit realignment "would impermissibly enable a removing defendant to substitute an 'ultimate interest' test for the typically more onerous burden imposed by the

"The generally accepted test of proper alignment is whether the parties with the same ultimate interest in the outcome of the action are on the same side." AAR, Inc. v. Century Inv. Group, LLC, 2008 WL 5264265, at *2 (E.D. La. Dec. 17, 2008). The Fifth Circuit has stated that realignment "is to be determined according to 'the principal purpose of the suit and the primary and controlling matter in dispute.'" Lowe, 723 F.32d at 1178 (quoting Indem. Ins. Co. of N. Am. v. The First Nat'l Bank at Winter Park, Fla., 351 F.2d 519, 522 (5th Cir. 1965)).

Mark and Julie contend that their interests in this litigation are far from the same and are, in fact, diametrically opposed.[12] MetLife argues that, notwithstanding any disagreement between Mark and Julie over the proper beneficiary, they (Mark and Julie) share an "ultimate interest" in having a beneficiary declared by the Court.

MetLife is not incorrect in asserting that the "crux of the suit is payment of death benefits" pursuant to the policy.[13] However, MetLife ignores the "primary and controlling matter in dispute": to whom those death benefits should be paid. Nowhere in its opposition does MetLife assert that benefits should not be paid at all.[14] If that were the case, then the argument

---

doctrine of improper joinder." Id. at *4; see also id. ("[T]he court declines to hold that realignment to permit removal is procedurally proper when a defendant has relied on improper joinder to remove a case based on diversity jurisdiction.").

If it were to adopt the view of the Prime Income court, this Court would not need to reach the realignment inquiry, as MetLife has filed to demonstrate improper joinder. See supra n.7. In Prime Income, the court proceeded to conduct an ultimate interest analysis as an alternative basis for its holding. In view of the fact that Prime Income is merely persuasive authority, this Court proceeds to decide this motion on the ultimate interest test, but notes for the record the alternative basis supplied by that decision.

[12] Mem. supp. ¶9. Mark further contends that his interests have more in common with the interests of MetLife. He points out that Julie has not disputed that at the time of Darryl's death, MetLife's policy designated Mark as beneficiary. Until Julie can demonstrate that said designation was invalid, Mark argues, MetLife is under an obligation to pay him insurance benefits, and Mark has a right to those proceeds.

[13] Mem. opp'n at 5.

[14] Indeed, MetLife states that it "was at all times ready and willing to pay the death benefit to the party or parties legally entitled to it." Id. at 4.

for aligning Mark and Julie as plaintiffs would be more compelling. However, that is not the case.

Instead, MetLife has filed a counterclaim for interpleader, naming Mark and Julie as defendants, and deposited the death benefits into the Court's registry. In its counterclaim, MetLife even acknowledges the receipt of competing claims on the policy from Mark and Julie.[15]

Based on the present record, the Court agrees with Mark that his and Julie's ultimate interests are quite opposed. The principal purpose of this lawsuit is to determine whether Mark or Julie is the beneficiary of Darryl's policy. The Court declines to realign the parties as sought by MetLife. This Court lacks subject matter jurisdiction over this case as there is not complete diversity between the parties.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

New Orleans, Louisiana, February 27, 2009.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[15] Counterclaim for interpleader ¶¶XIII, XV.